NO. 23 - 1588

# In The United States Court Of Appeals For The Fourth Circuit

**KA'LAH MARTIN, a/k/a Kalah Martin,**

*Plaintiff - Appellee,*

v.

**TRAVIS SHORT,** both individually and in his official capacity as deputy with the Randolph County Sheriff's Department;

**KYLE GABBY,** both individually and in his official capacity as deputy with the Randolph County Sheriff's Department;

**JEREMIAH HARRELSON,** both individually and in his official capacity as deputy with the Randolph County Sheriff's Department,

*Defendants - Appellants.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA AT GREENSBORO**

---

**BRIEF OF APPELLEE**

---

**Taylor M. Dant**
DANT LAW PLLC
24 NW CT SQ UNIT 205
Graham, North Carolina 27253
(919) 726 – 4812

*Counsel for Appellee*

# **TABLE OF CONTENTS**

                                                                                         **PAGE NUMBER**

TABLE OF AUTHORITIES……………………………………………………iii

STATEMENT OF SUBJECT MATTER JURISDICTION…………………...….1

STATEMENT OF THE ISSUES………………………………………………...….1

ARGUMENT……………………………………………………………………….2

      LACK OF JURISDICTION………………………………………...……..2

           GENUINE ISSUES OF MATERIAL FACT………………………….…..6

CONCLUSION…………………………………………………………………….9

CERTIFICATE OF COMPLIANCE……………………………….……..10

# TABLE OF AUTHORITIES

**Cases:** **Pages:**

*Behrens v. Pelletier,*
　　516 U.S. 299 (1996). ………………………………………………....…..2

*Coles v. Eagle*
　　F.3d at 624 (9th Cir. 2012)……………………………………….…..…7

*Elliott v. Leavitt,*
　　99 F. 3d 640 (4th Cir. 1996). ……………………………………………7

*Graham v. Connor,*
　　490 U.S. 386 (1989). ……………………………………………..……..5

*Hunter v. Town of Mocksville,*
　　789 F.3d 389, (4th Cir. 2015)…………………………………………….2

*Iko v. Shreve,*
　　535 F. 3d 225 (4th Cir. 2008). ……………………………………………2

*Johnson v. Jones*,
　　515 U.S. 304 (1995). …………………………………………………….2

*Mitchell v. Forsyth,*
　　472 U.S. 511 (1985)……………………………………....……………2

*Smith v. Ray,*
　　781 F. 3d 95 100 (4th Cir. 2015)…………..………..………………….6

**Statutes:**

28 U.S.C. § 1291……………………………………………………………...…..2

28 U.S.C. § 1331……………………………………………………………....…1

Fed. R. Civ. P. 56(a)……………………………………………………………...4

**Constitutional Provisions:**

The United States Constitution
    Fourth Amendment……………………………………………….*passim*

## STATEMENT OF SUBJECT MATTER JURISDICTION

The North Carolina Middle District Court had subject matter jurisdiction over Plaintiff-Appellee federal claims under 28 U.S.C. § 1331. Defendant-Appellants Travis Short, Kyle Gabby and Jeremiah Harrelson appeal from the denial of summary judgment in their favor. For the reasons stated herein, this Honorable Court **lacks** subject matter jurisdiction over this appeal as Defendants appeal is based on qualified immunity; where, contested facts are an issue for trial. Thus, this Court does not have jurisdiction at this stage in proceedings to decide this issue.

## STATEMENT OF THE ISSUES

1. Whether this Court lacks jurisdiction to review Defendant(s) interlocutory appeal of the District Court's denial of summary judgment on qualified immunity grounds, on all grounds appealed.

2. Whether the district court correctly concluded that genuine issues of material fact preclude summary judgment against Travis Short, Kyle Gabby, and Jeremiah Harrelson for excessive force under the Fourth Amendment of the United States Constitution.

# ARGUMENT

I. **This Honorable Court Lacks Jurisdiction Over Defendants Interlocutory Appeal in its entirety.**

This Honorable Court does **not** have jurisdiction over Defendant(s) appeal. The denial of summary judgment on qualified immunity grounds "is an appealable 'final decision,'" only, "to the extent that it turns on an issue of law." *Mitchell v. Forsyth,* 472 U.S. 511, 530 (1985). Defendants appeal (JA557) which resolved "a *fact*-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 307 (1995). 28 U.S.C. § 1291 grants appellate courts jurisdiction to hear appeals only from "final decisions," of district courts. The "District Court's determination that the summary judgment record in this case raised a genuine issue of fact [. . .] was not a 'final decision' within the meaning of the relevant statute." *Id.* at 313.

"If the question is 'whether the evidence *could* support the finding that particular conduct occurred, there is no final order.'" *Behrens v. Pelletier,* 516 U.S. 299, 313 (1996). Stated differently, "[i]f summary judgment was denied as to a particular claim solely because there is a genuine issue of material fact, that claim is not immediately appealable, and we lack jurisdiction to consider it." *Hunter v. Town of Mocksville,* 789 F.3d 389, (4th Cir. 2015) *citing Iko v. Shreve,* 535 F. 3d 225, 235 (4th Cir. 2008).

2

As the district court ruled, "[b]ecause the record contains genuine issues of material fact with regard to Defendants' use of force against Plaintiff, the Court will not adopt Defendants' segmented and sanitized recitation of the events of February 28 to make a determination as to qualified immunity at this stage of the proceedings." (JA557 – 38). "Here, with one sentence and no citation to authority, Defendants have not met their burden to demonstrate entitlement to qualified immunity. *Id*. "Even had Defendants presented a robust argument, the record [. . .] reflects a number of disputed facts that directly bear on the reasonableness of the force Defendants used." *Id*.

As ruled in district court, the disputed genuine issues of material fact include "(1) whether Plaintiff kept her hands in the view of Defendants after they approached her vehicle, (2) which Defendants heard Plaintiff state that she could not open her vehicle's front doors or windows, (3) how much time passed after Plaintiff pulled over before Defendants broke the vehicle's front windows, and (4) whether Defendants first attempted to open Plaintiff's door from the inside after breaking the window." (JA557 – 39).

The purpose of appeal is due to Defendants failure to adopt and or concede the standard of summary judgment, *all reasonable inferences are viewed in the non-moving party's favor.* "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

3

judgment as a matter of law." Fed. R. Civ. P. 56(a). Defendants continuously ignore the standard of summary judgment, this court's jurisdiction, but most importantly, Martin. Defendants have been maliciously silencing the voice of Martin and the public's concern for constitutional liberties since 2019 and they have done it yet again in their appeal. Defendants argue their version of the "facts," to this appellate court without including the facts Martin placed on the record. These disputed facts, Judge Auld clearly and continuously highlighted in his extensive Order. Ironically, Defendant-Appellant's 'Statement of Facts,' highlight this court's lack of jurisdiction **from their version alone** as the Defendants highlight material disputes **themselves**.

Defendants argue they were reasonable for the stop, "Defendants *believed* that Plaintiff was committing speeding to elude, a felony," (Opening Br. 15, 10) despite the cause of Martin's stop being the *lack of a license plate for Defendants to run her license*. Defendants *believed* there were "gross and aggravating factors," while simultaneously stating, "she was driving forty miles below the speed limit," followed by, "*understandable* that Plaintiff did not pull over due to construction impeding the highway shoulder." (Opening Br. 10, 24).

Defendants argue using weapons was necessary to gain control of a fluid situation and ensure the safety of all involved; while arguing that Martin was the blame, after holstering those weapons and not being able to gain control of her "hooptie," vehicle. Defendants argue they had the right to believe weapons were

4

important as a, "deterrence to danger," (Opening Br. 10, 14) and that Martin was an immediate threat, while ignoring all deputies holstered their weapons to use their hands and a baton. Due to the darkness and the rain, there was no possibility the officers could see all missing door handles on the vehicle, and despite hearing Martin screaming why she could not open the car, "while she had an excuse-her car was a hooptie-Defendants had no reason to know whether or not that was true." Defendants argue *Graham v. Connor,* 490 U.S. (1989), arguing this court shall not determine reasonableness with 20/20 hindsight, while arguing the rain and the dark made them lose visibility, which is reasonable to beat Martin; but not a reasonable factor for Martin's lack of stopping immediately. Construction zone does not matter to the Defendants. The hazard lights do not matter to the Defendants. Martin waiving her hand up and down as represented on the record do not matter to the Defendants. Martin slowing down from under the *work zone speed limit,* forty-eight miles per hour to thirty miles per hour does not matter to the Defendants. Martin's size, gender, and voice does not matter to the Defendants. The egregious force placed upon Martin's body does not matter to the Defendants. What matters to the Defendants, an organization trusted and sworn to protect the public, are Defendants facts. What matters to the Defendants are Defendants beliefs. Defendants argue to this Court they are reasonable to believe Martin was a danger, therefore, it is.

5

"None of the [deputies] knew that Plaintiff was driving a car with one operable rear door. [. . .] Indeed, if as Plaintiff acknowledges, she could not open the door, how were Defendants supposed to get her out of the car other than forcible means?" [. . .] "Were Defendants supposed to remain at the scene forever until they could figure out how to open Plaintiff's car? Of Course not." (Opening Br. 10-14). *Of course not*, Fourth Circuit. Defendants argue the deputies *obviously* had to use force, pull Martin out of the front seat of her vehicle by her natural hair with enough force to rip her small body through the seatbelt through the broken glass of her smashed front window, **while one of the Defendants was assisting <u>in</u> the back seat.**

Dispositively, Defendants discard the summary judgment standard and ask this Court to overturn the denial of summary judgment, resolving all qualified immunity arguments by viewing the disputed facts in their favor. Defendants only rely on inferences favorable to their position, instead of relying on contested facts pertinent to qualified immunity; of which, as Judge Auld ruled, *exist throughout the record,* and ultimately strips this Court of jurisdiction on appeal. Defendants' argument, that the Defendants are entitled to qualified immunity on the federal excessive force claim simultaneously entitles them to judgment as a matter of law on the state assault and battery claim falls under the same argument above. Defendants are not entitled to summary judgment on the federal excessive force claim, and Defendants are not entitled to summary judgment on the state law claims.

6

### II. Disputed issues of material fact prevail, and Defendants are not entitled to Summary Judgment.

As the district court found, Plaintiff's evidence at the summary judgment phase, viewed in the light most favorable to Plaintiff, create disputed and triable issues of material fact as to whether Defendants Short, Gabby, and Harrelson violated Martin's Fourth Amendment rights.

"An arrest made through the use of excessive force constitutes an unreasonable seizure and therefore violates the Fourth Amendment." (JA557-11) *citing Smith v. Ray,* 781 F. 3d 95 100 (4th Cir. 2015). "Courts use an objective reasonableness standard to determine whether "'law enforcement officials used excessive force in the course of making an arrest.'" *Id. citing Graham v. Connor,* 490 U.S. 386, 388 (1989). "In that regard, the inquiry ignores the mental state of officers involved and focuses on 'whether a reasonable officer in the same circumstances would have concluded that a threat existed justifying the particular use of force.'" *Id. citing Elliott v. Leavitt,* 99 F. 3d 640, 642 (4th Cir. 1996).

As stated by the district court, numerous examples of precedent, with facts *worse* than Plaintiff's facts, (actually fleeing), where the court concludes there exists, "clearly established law that the use of disproportionate force to arrest an individual who has not committed a serious crime and who poses no threat to herself, or others constitutes excessive force." (JA557-29) *citing Coles v. Eagle* F.3d at 624, 630 (9th Cir. 2012). District court correctly concluded disputes as to material fact exist as to

7

(1) the severity of the crime at issue, (2) whether and to what extent Plaintiff posed an immediate threat to Defendants, and (3) whether Plaintiff was actively resisting or attempting to evade arrest. *Id.*

Martin was stopped on the interstate in active construction. (JA18-33). Martin immediately put her hazard lights on and slowed from forty-eight miles per hour down to thirty miles per hour. *Id.,* at 39, *see also* (JA19-43). The two exits that Martin passed were not exits off the interstate. (JA20-51). Martins' vehicle was only accessible from the outside to the inside by one rear passenger door, and all windows did not function. (JA21 at 51-55). Deputies Short Gabby and Harrelson busted the windows of Plaintiff's vehicle, after holstering their weapons, and Harrelson climbed in the back of the vehicle to "assist," Gabby and Short in pulling Martin through the vehicle by her hair, through the seatbelt, through the window. (JA22, *see also* JA49). It is abundantly clear, genuine issues of material fact exist to deny Defendants motion for summary judgment.

8

## **CONCLUSION**

For the foregoing reasons, this Court should dismiss this appeal for lack of jurisdiction or, alternatively, affirm the decision of the district court.

                              Respectfully submitted,

/s/ *Taylor M. Dant*
Taylor M. Dant
DANT LAW, PLLC
24 NW Ct Sq. Unit 205
Graham, North Carolina 27253
td@dantlegal.com
Phone 919 726 4812
Fax 336 397 9413

*Counsel for the Appellee*

9

## **CERTIFICATE OF COMPLIANCE**

1. This document complies with type-volume limits, because, excluding cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    this document is less than 15 pages, and <u>1724</u> words.

2. This document complies with typeface requirements because:

    This document has been prepared in a proportional spaced typeface using Microsoft Word in 14-point Times New Roman.

Respectfully submitted this the 6th day of November, 2023.

<u>/s/ *Taylor M. Dant*</u>
Taylor M. Dant
DANT LAW, PLLC
24 NW Ct Sq. Unit 205
Graham, North Carolina 27253
td@dantlegal.com
Phone 919 726 4812
Fax 336 397 9413

*Counsel for the Appellee*

10